IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GERALD D. BELL, #01889509 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv358 |
| KEITH GORSUCH, ET AL. | § | |

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Gerald Bell, a prisoner confined at the Beto Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this section 1983 proceeding. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On July 13, 2020, the undersigned issued an order, (Dkt. #6), granting Plaintiff *in forma pauperis* status and directing him to pay an initial, partial filing fee of $16.00 within thirty days from receipt of the order. The order specifically warned Plaintiff that the failure to pay the fee may result in the dismissal of his case. A copy of this order was sent to Plaintiff, with an acknowledgment card. The docket reflects that Plaintiff received a copy of the order on July 24, 2020, (Dkt. #8). However, to date, the filing fee has not been received and Plaintiff has not communicated with the Court.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). Here, Plaintiff Bell failed to submit the $16.00 filing fee as ordered—and has not communicated with the Court about any inability to pay the initial fee.

Dismissal with prejudice for failure to prosecute or to comply an order of the Court is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the

integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)).  A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled civil action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 28th day of August, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE